**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JOSEPH COX,
ADC #655318**                                                                                                          **PLAINTIFF**

**V.**                                    **CASE NO. 2:17-CV-113-JLH-BD**

**GERALDINE CAMPBELL,** *et al*.                                                                  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion**

Joseph Cox, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry # 2) Mr. Cox claims that Defendants Campbell and Sackett were deliberately indifferent to his serious medical needs.

Mr. Cox and Defendants have filed cross motions for summary judgment.[1] (#25, #34) Defendants have responded to Mr. Cox's motion; and Mr. Cox has responded to the Defendants' motion. (#37, #38, #40, #41)

A.   Summary Judgment Standard

In a summary judgment, the Court rules in favor of a party before trial. A party is entitled to summary judgment on if the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986).

B.   Undisputed Medical History

On February 7, 2017, Mr. Cox injured his left hand playing football. (#36-1 at p.1) On the same day, Defendant Sackett examined him. (*Id.*) She noted swelling and light-purple discoloration below fingers four and five, with a limited range of motion. (*Id.*) Mr. Cox described his pain as a level eight on a ten-point scale. (*Id.*)

Defendant Sackett obtained a verbal order from APRN Drummond (not a party to this lawsuit) for Mr. Cox to receive 400 mg of Ibuprofen to be taken three times daily for ten days. (*Id.*) She also received a verbal order from Defendant Campbell for an x-ray examination of Mr. Cox's left hand. (*Id.*) In addition, Defendant Sackett applied a compression wrap to Mr. Cox's left hand and issued a "no duty/yard/sports" script until February 14, 2017. (*Id.* at pp.1-2)

---

[1] The Court previously dismissed Mr. Cox's claims against the Doe Defendants. (#15)

The following day, Mr. Cox underwent an x-ray examination of his left hand. (*Id*. at p.6) The x-ray report revealed a "fracture involving mid fifth metacarpal with mild displacement" and "associated soft-tissue swelling." (*Id*.) On the radiology report, Defendant Sackett noted that Mr. Cox would be scheduled for follow-up. (*Id*. at p.6)

On February 9, 2017, a "notification of diagnostic test results" form was forwarded to Mr. Cox to inform him that he would be "scheduled for [a] follow-up with a physician or mid-level provider within three working days." (*Id*.)

On February 11, 2017, Defendant Sackett examined Mr. Cox and noted that his pain was a nine on a ten-point scale with dark purple discoloration. (*Id*. at p.8) She received a verbal order from APRN Moody (not a party to this lawsuit) to increase Mr. Cox's Ibuprofen prescription to 800 mg to be taken three times daily. (*Id*.)

On February 13, 2017, Defendant Sackett extended Mr. Cox's "no duty/yard/sports" script until February 20, 2017. (*Id*. at p.9)

On February 14, 2017, Defendant Campbell examined Mr. Cox. (*Id*. at p.10) She noted that he had suffered a left-hand fracture with swelling and bruising. (*Id*.) She prescribed 50 mg of Ultram to be taken twice daily, as needed for pain. (*Id*.) In addition, Defendant Campbell prepared a consultation request for Mr. Cox to be examined by an orthopedist and recommended that he continue his currently prescribed plan of care. (*Id*. at pp.10-11)

On February 15, 2017, Dr. Floss (not a party to this lawsuit) approved Mr. Cox's consult request. (*Id*. at p.12) The same day, the scheduling clerk scheduled Mr. Cox's appointment for March 9, 2017. (*Id*.)

On March 9, 2017, Dr. Theresa Wyrick examined Mr. Cox's left hand at University of Arkansas for Medical Sciences ("UAMS"). (*Id*. at p. 15) She diagnosed Mr. Cox with a "spiral fracture of the 5th metacarpal" with "minimal displacement" and "mild soft tissue swelling." (*Id*. at p.18) She noted that there was "certainly no indication for surgical treatment of the fracture" and ordered an ulnar gutter cast for one month. (*Id*. at p.17)

On April 13, 2017, Mr. Cox returned to UAMS for a follow-up visit with Dr. Wyrick. (*Id*. at p.19) She noted that Mr. Cox had removed his own cast eight days before the appointment and noted a healing fracture of his hand. (*Id*.) She discontinued the cast with a recommendation for "home range of motion exercises." (*Id*.) No follow up-appointment was recommended. (*Id*.) During his deposition, Mr. Cox admitted that no other cast was necessary and that his hand had healed. (#36-2 at p.8)

    C.    Deliberate-Indifference Claim

A public official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment ban against cruel punishment. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). "Deliberate indifference" is evidenced, however, only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837. Negligence, even gross negligence, is insufficient to establish liability. *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

Moreover, mere disagreement with treatment decisions does not rise to the level of a constitutional violation. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Stated another way, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that 'he did not feel' he received adequate treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997).

Defendants present the declaration of Jeffrey Stieve, M.D., in support of their motion. (#36-2 at p.1) Dr. Stieve testified that Mr. Cox received "appropriate treatment and pain medications" and that he fully supports Defendant Sackett's and Defendant Campbells' "medical assessments and medical judgments." (*Id*. at p.4) Furthermore, Dr. Stieve concluded, Mr. Cox "was not harmed by the delay in his being evaluated by the orthopedist." (*Id*.)

Mr. Cox asserts that his failure to be seen by a provider within three days of his diagnostic test, in violation of nursing protocol, proves that Defendants acted with deliberate indifference to his medical needs. Although Mr. Cox was not seen by Defendant Campbell (a medical provider) until February 14, 2017, seven days after his initial assessment and five days after he received his diagnostic results, his medical records indicate that his medical needs were consistently addressed.[2] He was promptly provided pain medication, an x-ray examination, script restrictions, and received multiple medical evaluations by both ADC medical personnel, as well as an orthopedist.

---

[2] Mr. Cox's grievance papers clarify that Defendant Campbell is a medical provider. (#2 at p.11)

Furthermore, the failure to follow policy does not rise to a constitutional level. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

Here, Mr. Cox has not come forward with any evidence to contradict evidence presented by Defendants. Based on the undisputed evidence in this record, therefore, there is insufficient evidence to support Mr. Cox's deliberate-indifference claims. To the contrary, the medical records show that Mr. Cox's medical needs were consistently addressed and that he was provided medical treatment, as well as prescription medication, to relieve his pain. These undisputed facts fall short of demonstrating negligence, much less deliberate indifference. Defendants are entitled to judgment as a matter of law.

### III. Conclusion

The Court recommends that Defendants' motion for summary judgment (#34) be GRANTED. Mr. Cox's claims should be DISMISSED, with prejudice. Mr. Cox's motion for summary judgment (#25) should be DENIED.

DATED, this 2nd day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE